**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Melissa E. Pierre-Louis
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

SUMMONS ISSUED

✳ FILED ✳

2011 NOV 18  PM 6: 10

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

SUMMONS ISSUED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

CLAUDE MASSIAH and NATALIE MIELES,
individually and on behalf all others similarly
situated,

Plaintiffs,

v.

METROPLUS HEALTH PLAN, INC. and NEW
YORK CITY HEALTH AND HOSPITALS
CORPORATION,

Defendants.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

CV 11 - 5669

COGAN, J.

Plaintiffs Claude Massiah ("Massiah") and Natalie Mieles ("Mieles") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys Outten & Golden LLP, allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1.      MetroPlus Health Plan, Inc. ("MetroPlus") is a not-for-profit prepaid health services organization that contracts with state and local governments to offer low or no-cost health insurance to individuals living in New York City who are eligible for Medicaid, Medicare, or other health insurance programs.

2.      New York City Health and Hospitals Corporation ("HHC") is a $6.7 billion dollar

1

integrated healthcare delivery system.

3.  MetroPlus and HHC (collectively "Defendants") are separate corporate entities that jointly employ Plaintiffs and other Enrollment Sales Representatives, Marketing Representatives, and Facilitated Enrollers (collectively "Marketing Representatives").

4.  Defendants deploy Plaintiffs throughout Brooklyn to educate low-income Medicaid or Medicare-eligible individuals about available health insurance options, assist Medicaid or Medicare-eligible individuals in completing health insurance applications, and collect and photocopy documentation that supports the individual's eligibility for Medicaid, Medicare, or other health insurance programs.

5.  The Marketing Representatives, who often make little more than the Medicaid or Medicare–eligible individuals they assist, work long hours trying to meet the aggressive quotas Defendants impose on them.

6.  Defendants require Marketing Representatives to work long hours, often well into the night after a full day's work, collecting documents from enrollees demonstrating their Medicaid or Medicare eligibility, copying the documents, and verifying the information they contain.

7.  Marketing Representatives work more than 40 hours each week during typical workweeks.

8.  Defendants require Marketing Representatives to sign off on time sheets that do not reflect overtime hours that Marketing Representatives work.

9.  Defendants forbid Marketing Representatives from submitting time sheets that reflect their actual overtime hours.

10.  It is Defendants' policy to deprive its Marketing Representatives, including

2

Plaintiffs, of overtime wages to which the law entitles them.

11.     By the conduct described in this Complaint, Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

12.     Plaintiffs seek to recover unpaid wages that Defendants owe them and similarly situated current and former Marketing Representatives. They bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA, 29 U.S.C. § 216(b). They also bring this action on behalf of themselves and a class of similarly situated current and former Marketing Representatives, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

14.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

3

17.    MetroPlus and HHC reside in New York.

18.    MetroPlus and HHC are subject to personal jurisdiction in New York.

19.    A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Brooklyn, New York.

## THE PARTIES

### The Plaintiffs

#### Claude Massiah

20.    Plaintiff Massiah resides in Brooklyn, New York.

21.    Massiah was employed by Defendants in Brooklyn, New York as a Marketing Representative from approximately June 2008 through February 2011.

22.    Massiah was not employed by a federal, state, or municipal government.

23.    Massiah was not employed by a political subdivision of a federal, state, or municipal government.

24.    During his employment with Defendants, Massiah worked in Brooklyn, New York.

25.    During his employment with Defendants, Massiah worked approximately 45-50 hours a week.

26.    Pursuant to Defendants' policy and pattern or practice, Massiah regularly performed work for Defendants' benefit without compensation. Defendants did not pay Massiah for time he spent performing compensable work in excess of 40 hours in a workweek.

27.    Defendants did not pay Massiah a proper overtime premium for hours he worked for Defendants' benefit in excess of 40 hours in a workweek.

28.    Massiah's written consent to join this case as attached as **Exhibit A**.

4

### *Natalie Mieles*

29.    Plaintiff Mieles resides in Brooklyn, New York.

30.    Mieles has been employed by Defendants in Brooklyn, New York as a Marketing Representative from approximately March 1, 2002 through present.

31.    Mieles was not employed by a federal, state, or municipal government.

32.    Mieles was not employed by a political subdivision of a federal, state, or municipal government.

33.    During her employment with Defendants, Mieles has worked solely in Brooklyn, New York.

34.    During her employment with Defendants, Mieles worked approximately 45-50 hours a week.

35.    Pursuant to Defendants' policy and pattern or practice, Mieles regularly performed work for Defendants' benefit without compensation.  Defendants did not pay Mieles for time she spent performing compensable work in excess of 40 hours in a workweek.

36.    Defendants did not pay Mieles a proper overtime premium for hours she worked for Defendants' benefit in excess of 40 hours in a workweek.

37.    Mieles' written consent to join this case as attached as **Exhibit B**.

### *Opt-In Plaintiffs*

38.    Written consents for the following Marketing Representatives are attached as **Exhibit C**: Thomas Imhof, Yamahyra Lopez, Audrey Wilson, Myrna Perez, Daniel Torres, Salina A. Bhuiyan, Guy Hollingsworth, Angela Lopez, Pitrena Moseley, Heidy Canario, Ana Munez, Victoria Reyes, Soraya Terrero Fans, Ronald S. Harper, Karen Fay Montaque, Herbert Darryl Delzie, Rafael E. Matos, Kelly Mejia, Albania Hernandez, Suping Mooney, Stephanie

Jones, Akinwale Akinji, Karina Estrada, Carmen Cruz, Anny Makula, Doris Trigueno, and Gladys Tirado.

**The Defendants**

    **HHC**

    39.    HHC maintains its headquarters in New York City.

    40.    HHC is not a federal, state, or municipal government.

    41.    HHC is not a political subdivision of a federal, state, or municipal government.

    42.    The legislature did not include application of the New York Labor Law as one of the circumstances under which HHC is to be considered a political subdivision. *See* N.Y. Unconsol. Law § 7384-a.

    43.    HHC is not a City of New York agency.

    44.    HHC is not a City of New York department.

    45.    HHC is a distinct corporate and legal entity from the City of New York.

    46.    HHC was created in order to allow it to operate separately from the City of New York without regulations and rules that might inhibit it from doing business in a more streamlined manner.

    47.    HHC has its own board of directors that includes members who are not New York City employees.

    48.    HHC has a different corporate tax ID from the City of New York.

    49.    HHC has its own legal counsel, legal department, purchasing department, and planning department, all separate from the City of New York.

    50.    HHC can change its own by-laws, rules, and regulations independently from the City of New York.

51.   The City of New York is not involved with HHC's day to day operations.

52.   HHC can execute its own contracts, leases, and other agreements.

53.   HHC has a Human Resources department separate from the City of New York.

54.   HHC acts separately from the City of New York with respect to its personnel.

55.   HHC has substantial control over hiring and controlling its employees. *See* N.Y. Unconsol. Law § 7385(11).

56.   HHC hires its own employees, separately from the City of New York.

57.   HHC fires its own employees, separately from the City of New York.

58.   HHC disciplines its own employees, separately from the City of New York.

59.   HHC may employ its own officers and employees as it sees fit. *See* N.Y. Unconsol. Law § 7385(11) (authorizing HHC to employ officers, executives, management personnel).

60.   HHC has power over the terms and conditions of the employment of its personnel. *See* N.Y. Unconsol. Law § 7385 (12) (authorizing HHC to "promulgate rules and regulations relating to the creation of classes of positions, position classifications, title structure, class specifications, examinations, appointments, promotions, voluntary demotions, transfers, re-instatement, procedures relating to abolition or reduction in positions, to determine the number of and to appoint, remove and discipline employees, to prescribe their duties, fix their qualifications, salaries, wages, fringe benefits, hours, work schedules, assignments and re-assignments, leaves of absence, annual leave, other time and leave rules and other terms of employment").

61.   HHC manages its finances separately from the City of New York.

62.   HHC is solely liable for any debt or obligation that it incurs.

63.     HHC has discretion as to investing its reserves. N.Y. Unconsol. Law § 7385 (16).

64.     HHC has discretion to obtain independent insurance "in connection with the activities of the corporation," as it "deems appropriate." N.Y. Unconsol. Law § 7385(17).

65.     HHC is independently authorized to apply for and accept grants of money, property, services or other aid for use in carrying out its corporate purpose and in the exercise of its powers.

66.     HHC manages its budget, funded by revenue that is generated from patient services, separate from the City of New York.

67.     HHC is a joint employer of Plaintiffs and other Marketing Representatives.  HHC admitted that it is an employer of Marketing Representatives in its answer to the complaint in *Drayton et al. v. MetroPlus Health Plan, Inc. et al.*, No. 10-9686 (S.D.N.Y.).

### *MetroPlus*

68.     MetroPlus is the second-largest health insurance company in the New York City Medicaid managed care market, insuring more than 400,000 individuals.

69.     MetroPlus maintains its headquarters at 160 Water Street, New York, New York 10038.

70.     MetroPlus is not a federal, state, or municipal government.

71.     MetroPlus is not a political subdivision of a federal, state, or municipal government.

72.     MetroPlus is not a City of New York agency.

73.     MetroPlus is not a City of New York department.

74.     MetroPlus competes with private for-profit and not-for-profit companies to enroll low-income New Yorkers in its health insurance products.

8

75.     MetroPlus competes with the following companies: Affinity Health Plan, Inc., Amerigroup Community Care, NYS Catholic Health Plan, Inc. d/b/a Fidelis Care New York, Health Insurance Plan of Greater New York, HealthFirst PHSP, Inc., Health Plus PHSP, Inc., UnitedHealthcare Community Plan, WellCare of New York, Inc., and Empire Blue Cross/Blue Sheild.

76.     MetroPlus' primary competitors are Fidelis Care New York, HealthFirst PHSP, Inc., and Health Plus PHSP, Inc.

77.     A Medicaid or Medicare-eligible individual could be assigned to MertroPlus or any of its competitors.

78.     MetroPlus is governed by the same city and state marketing guidelines as its competitors.

79.     These marketing guidelines require MetroPlus to provide customers with information about all of its competitors.

80.     MetroPlus and its competitors are regulated by the Department of Insurance.

81.     As an insurance company governed by state law, like all of its competitors, MetroPlus is required to maintain adequate reserves.

82.     The more people MetroPlus enrolls, the more likely it is to be profitable.

83.     In order to generate revenue, MetroPlus advertises in hospitals, in local newspapers, ethnic newspapers, and occasionally on the radio in order to increase enrollment.

84.     MetroPlus is incorporated separately from HHC and the City of New York.

85.     MetroPlus and HHC are in two different kinds of business.

86.     HHC provides healthcare.

87.     MetroPlus provides the access to insurance.

88. MetroPlus has a separate board of directors from HHC and the City of New York.

89. MetroPlus' board of directors is primarily responsible for the management, control and supervision of MetroPlus.

90. MetroPlus' financial affairs are separate from HHC and the City of New York.

91. MetroPlus has its own bank accounts, separate from HHC's bank accounts and the City of New York's bank accounts.

92. This separate financial structure is intended to ensure that MetroPlus does not co-mingle funds with HHC.

93. MetroPlus does not co-mingle finds with HHC or the City of New York.

94. MetroPlus' board of directors can deposit funds in New York trusts and banks as it sees fit.

95. MetroPlus operates under an Article 44 license.

96. HHC operates under an Article 28 license.

97. MetroPlus is solely responsible for adopting its own budgets.

98. MetroPlus is solely responsible for executing its own contracts.

99. MetroPlus is solely responsible for executing its own mortgages.

100. MetroPlus is solely responsible for issuing its own bonds.

101. Neither the City of New York nor HHC must approve MetroPlus' budgets, contracts, mortgages, or bonds.

102. MetroPlus has responsibility for the general management, control and supervision of its own affairs, business, activities and assets.

103. MetroPlus has the authority and responsibility for overseeing its own policies, management, and overall operations.

10

104. MetroPlus is independently responsible for ensuring that it operates in accordance with all applicable federal, state and local laws, rules and regulations.

105. MetroPlus directly employed Plaintiffs and similarly situated current and former employees.

106. MetroPlus is Plaintiffs' and other Marketing Representatives' direct employer.

107. MetroPlus hired Plaintiffs and other Marketing Representatives.

108. MetroPlus controls Plaintiffs' and other Marketing Representatives' work schedules and employment conditions.

109. MetroPlus determines Plaintiffs' and other Marketing Representatives' compensation.

110. MetroPlus determines whether to promote Plaintiffs and other Marketing Representatives.

111. MetroPlus sets policies regarding the overtime compensation of Plaintiffs and other Marketing Representatives.

112. MetroPlus acts independently of the City of New York and HHC with respect to its personnel decisions.

113. MetroPlus has its own employee handbook that it provides to each new hire, including Plaintiffs and other Marketing Representatives.

114. MetroPlus also has its own Human Resources Department, separate from the City of New York and HHC.

115. MetroPlus disciplines its own employees.

116. MetroPlus documents make references to MetroPlus "employees."

117. MetroPlus' Management Services Agreement provides, "MetroPlus shall defend,

indemnify and hold harmless HHC from and against any liability or claim resulting from the negligent or wrongful acts or omissions of MetroPlus or its agents, servants, contractors or employees."

118.   MetroPlus' Health Plan Employee Handbook provides, "The employees of MetroPlus make the company what it is."

119.   MetroPlus issues its own identification cards to its employees, including Plaintiffs and other Marketing Representatives.

120.   MetroPlus employees must pay a replacement fee to MetroPlus Health Plan if they lose their identification cards.

121.   MetroPlus and HHC are covered employers within the meaning of the FLSA and the NYLL.

122.   Upon information and belief, MetroPlus and HHC each have had gross revenues exceeding $500,000 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

123.   Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants as Marketing Representatives, or in similar positions with comparable titles, who did not release all of their claims against Defendants in the settlement of *Drayton et al. v. MetroPlus Health Plan, Inc. et al.*, No. 10-9686 (S.D.N.Y.), who elect to opt in to this action (the "FLSA Collective").

124.   Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and other Marketing Representatives. There are many similarly situated current and former Defendants Marketing Representatives who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present

12

lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

125.    Plaintiffs also bring NYLL claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Defendants as Marketing Representatives between December 30, 2004 and the date of judgment in this action" ("Rule 23 Class").

126.    The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

127.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

128.    There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a) whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class, as required by the NYLL;

(b) whether Defendants have failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor

13

Regulations, 12 N.Y.C.R.R. Part 142;

129.   The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the Rule 23 Class work or have worked for Defendants as Marketing Representatives and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week.  By failing to pay Marketing Representatives overtime, Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

130.   Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

131.   Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

132.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

133.   Consistent with Defendants' policy and pattern or practice, Plaintiffs and the

members of the FLSA Collective and the Rule 23 Class ("Class Members") regularly worked in excess of 40 hours per week without being paid overtime wages.

134.   All of the work that Plaintiffs and the Class Members have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Class Members have performed.

135.   All Class Members performed the same primary job duties: educating Medicaid or Medicare-eligible individuals about available health insurance options, assisting Medicaid or Medicare-eligible individuals in completing health insurance applications, and collecting and photocopying documentation that supports the individual's eligibility for Medicaid, Medicare, or other health insurance programs.

136.   As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes but is not limited to:

> (a) willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of Defendants;
>
> (b) willfully failing to keep payroll records as required by the FLSA and NYLL;
>
> (c) willfully failing to pay their employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week;
>
> (d) providing its employees with pre-populated time sheets and prohibiting them from altering them to reflect actual overtime hours worked or blank time sheets and prohibiting them from reflecting actual overtime hours worked.

15

137. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to corporate policies or practices of minimizing labor costs by violating the FLSA and the NYLL.

138. Defendants are aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

139. Defendants' failure to pay Plaintiffs and the Class Members overtime wages for work in excess of 40 hours per week was willful.

140. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' WAGE AND HOUR ALLEGATIONS

141. As Marketing Representatives, Plaintiffs' primary job duties were educating Medicaid or Medicare-eligible individuals about available health insurance options, assisting Medicaid or Medicare-eligible individuals in completing health insurance applications, and collecting and photocopying documentation that supports the individual's eligibility for Medicaid, Medicare, or other health insurance programs.

142. Tasks Plaintiffs regularly performed related to their primary job duties included, but were not limited to, the following:

(a) approaching individuals and asking them if they have health insurance;

(b) recording enrollees' contact information, marital status, and immigration status;

(c) collecting and photocopying documents demonstrating enrollees' Medicaid or Medicare eligibility;

(e) checking the status of enrollees' Medicaid or Medicare eligibility;

    (f) making verification calls;

    (g) setting up and dismantling MetroPlus display tables;

    (h) placing flyers and other MetroPlus marketing materials on display tables; and

    (i) distributing informational flyers to potential Medicaid or Medicare enrollees on the street.

143.   Defendants required Plaintiffs to check in with their supervisors several times per day.

144.   Plaintiffs worked more than 40 hours during most workweeks.

145.   During some workweeks, Plaintiffs worked more than 45 hours.

146.   Defendants failed to pay Plaintiffs for many hours they worked and failed to pay them overtime compensation for many of the hours they worked.

147.   Defendants failed to keep accurate records with respect to Plaintiffs' work.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)
**(Brought on Behalf of Plaintiffs and Similarly Situated Current and Former Employees)**

148.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

149.   Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Amended Complaint.

150.   Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

151.   At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

152.   The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

153.   Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

154.   At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

155.   Defendants have failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

156.   Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

157.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

158.   As a result of Defendants' willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

159.   As a result of the Defendants' unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

160.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

161.    At all relevant times, Plaintiffs were employees, and Defendants have been employers within the meaning of the NYLL.

162.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

163.    Defendants have failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

164.    By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

165.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.      At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and

including the date of this Court's issuance of court-supervised notice, been employed by

Defendants as Marketing Representatives. Such notice shall inform them that this civil action

has been filed, of the nature of the action, and of their right to join this lawsuit;

   B. Unpaid wages and an additional and equal amount as liquidated damages

pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor

Regulations and NYLL Article 19, §§ 650 *et seq.* and the supporting New York State

Department of Labor Regulations;

   C. Unpaid overtime pay and 100% liquidated damages pursuant to NYLL Article

19, §§ 191 *et seq.* and the supporting New York State Department of Labor regulations;

   D. Certification of the proposed class pursuant to Rule 23 of the Federal Rules of

Civil Procedure;

   E. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel

of record as Class Counsel;

   F. Issuance of a declaratory judgment that the practices complained of in this

Complaint are unlawful under NYLL Article 19, §§ 650 *et seq.* and the supporting New York

State Department of Labor regulations;

   G. Pre-judgment interest and post-judgment interest, as provided by law;

   H. An injunction requiring Defendants to pay all statutorily-required wages

pursuant to the NYLL;

   I. Attorneys' fees and costs; and

   J. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:       November 18, 2011

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

Justin M. Swartz

Justin M. Swartz
Melissa E. Pierre-Louis
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
**Attorneys for Plaintiffs and the Class**

# Exhibit A

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Print Name

Address

City, State, Zip

# Exhibit B

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Natalie Mielis_
Signature

_Natalie Mielis._
Print Name

_131 Cumberland. apt 1 E._
Address

_Brooklyn NY 11205._
City, State, Zip

# Exhibit C

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____

Signature

Thomas Imhof

Print Name

1712 MENAHAN ST. #1R

Address

RIDGEWOOD, NY 11385

City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Yamahyia Lopez
Signature

YAMAHYRA LOPEZ
Print Name

1017 CALHOUN AVE. #1FLOOR
Address

BRONX, NY 10465
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Print Name

Address

City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

Heidy Canario
Print Name

2732 Marion Ave Apt #3D
Address

Bronx NY. 10458
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Print Name

1/2 W. 144 St. NY NY 10030
Address

NY NY 10030
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Salina A. Bhuiyan_
Signature

_Salina A Bhuiyan_
Print Name

_97-13 Farragut Rd._
Address

_Brooklyn, NY 11236_
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

Kelly mejia
_____
Print Name

43.25 43rd st #1K
_____
Address

Sonnyside  NY  11104
_____
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

KAREN FAY Montaque
Print Name

8812 129th Street
Address

Richmond Hill, NY 11418
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Herbert Darryl Delzie_
Signature

HERBERT DARRYl DElZie
Print Name

1076 Findlay Avenue Apt#31L
Address

By , N.Y. 10456
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Print Name

RAFAel E MATOS

Address

2406 WAlTon Auf # 21

City, State, Zip

Bronx, N.Y, 10468

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Print Name

Address

City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

_Su Ping Mooney_
Print Name

_6511  108 St.  Apt. 6A._
Address

_Forest Hills, NY 11375_
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

SONAYA TERRERO-FANA
Print Name

179 DIVALE AVE APT, -14
Address

New Rochelle, NY 10801
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Ronald S Harper_
Signature

_Ronald S Harper_
Print Name

_100 Bellomy Loop #22A_
Address

_Bronx, N.Y. 10475_
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

GUY HOLLINGSWORTH

Print Name

298 DELANCEY St.

Address

NEW YORK, NY 10002

City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Print Name

Address

City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Print Name
Angela Lopez

Address
223 Skytop Drive Apt #4

City, State, Zip
Kingston NY 12401

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_VReyes_
Signature

_VictoRIA Reyes_
Print Name

_503 West 140 Street #14_
Address

_New York NY 10031_
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Stephanie Jones_
Signature

STEPHANIE JONES
Print Name

165 FRANKLIN STREET
Address
                                 APT 403

BloomField  NJ  07003
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Gladys Tirado._

Signature

_Gladys Tirado._

Print Name

_982 Leggett Av. #2A_

Address

_Bronx, NY, 10455_

City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Don Triguer.
Signature

Doris Ntriguer.
Print Name

1340  38 st Apt1
Address

Brooklyn NY 11217
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Anny M Makula_
Signature

_ANNY M Makula_
Print Name

_3489 Fort Independence St Apt 5A_
Address

_Bronx, NY 10463-4545_
City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Alvarez_

Signature

Carmen Alexandra Cruz

Print Name

2028 Bleecker St Apt 2R

Address

Ridgewood NY 11385

City, State, Zip

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Karina J. Estrada_

Signature

KARINA J. ESTRADA

Print Name

61-29   65 th. st.

Address

Middle Village, NY, 11379.

City, State, Zip

My correct name is KARINA ESTRADA

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

Signature

Akinwale Alinje

Print Name

93? E96ᵗʰ ST

Address

Brooklyn, NY 11236

City, State, Zip