IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDE MASSIAH and NATALIE MIELES, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>METROPLUS HEALTH PLAN, INC. and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,<br><br>Defendants. | No. 11-cv-05669 (BMC) |

**CORRECTED ORDER GRANTING
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT
OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF
PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION
SETTLEMENT PROCEDURE**

The above-entitled matters came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

**I.      Preliminary Approval of Settlement**

1.      Based upon the Court's review of the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement and the Declaration of Justin M. Swartz ("Swartz Decl.") and the exhibits attached thereto, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Decl. as Exhibit A.

2.      The Court concludes that the proposed Settlement Agreement is within the range

of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980 *Willix v. Healthfirst, Inc.,* No. 07 Civ. 1143, 2010 WL 5509089, at *3 (E.D.N.Y. Nov. 29, 2010); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *1 (E.D.N.Y. Jan. 20, 2010); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 2399345, at *1 (S.D.N.Y. Apr. 19, 2010); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. *See Willix*, 2010 WL 5509089, at *3.

## III. Conditional Certification of the Proposed Rule 23 Settlement Class

4. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> All individuals who work or worked for Defendants as a Marketing Representative, Document Collection Specialist, Retention Representative, Business to Business Marketing Representative or in another similar job title whose primary job function was facilitated enrollment of members in Medicaid or Medicare health plans in New York between November 18, 2005 through June 30, 2012.

5. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

6. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are approximately 556 class members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

7. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including: (1) whether Defendants had a policy of failing

2

to pay Plaintiffs overtime for hours over forty; (2) whether Marketing Representatives worked over forty hours in a workweek; and (3) whether Marketing Representatives shared the same primary job duties. These issues – involving common operative facts stemming from corporate policies that affected class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor. *See Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825, 2011 WL 2207586, at *9 (S.D.N.Y. June 2, 2011).

8. These alleged wage and hour violations – involving common operative facts stemming from corporate policies that affected the class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor. *See Aponte*, 2011 WL 2207586, at *9; *Willix*, 2009 WL 6490087, at *2.

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the named Plaintiffs' and the class members' interests are at odds. *See Aponte*, 2011 WL 2207586, at *10; *Willix*, 2009 WL 6490087, at *3.

10. In addition, Plaintiffs' counsel is experienced in the field of employment class actions, and will adequately represent Plaintiffs' interests. *See Westerfield v. Wash. Mut. Bank*, Nos. 06 Civ. 2817, 08 Civ. 287, 2009 WL 6490084, at *3 (E.D.N.Y. June 26, 2009) (Outten & Golden, "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law."); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL 782596, at *2 (S.D.N.Y. Mar. 24, 2008); *Stefaniak v. HSBC Bank USA, N.A.*, No. 1:05-CV-720S, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008); *Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *15 (S.D.N.Y. Sept. 29, 2006); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001).

11. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common

legal theory predominate over any factual or legal variations among class members. *See Aponte*, 2011 WL 2207586, at *11; *Willix*, 2009 WL 6490087, at *4. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Aponte*, 2011 WL 2207586, at *11-12; *Willix*, 2009 WL 6490087, at *5; *Khait*, 2010 WL 2025106, at *3.

### IV.  Appointment of Plaintiffs' Counsel as Class Counsel

12.  The Court appoints Outten & Golden LLP as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class.") (internal quotation marks omitted).

13.  Outten & Golden has done substantial work identifying, investigating, litigating, and settling Plaintiffs' and the class members' claims, have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law. *See, e.g., Westerfield*, 2009 WL 6490084, at *3 ("Courts have repeatedly found [Outten & Golden] to be adequate class counsel in employment law class actions."); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL 782596, at *2 (S.D.N.Y. Mar. 24, 2008); *Stefaniak v. HSBC Bank USA, N.A.*, No. 1:05-CV-720S, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008); *Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *15 (S.D.N.Y. Sept. 29, 2006); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001).

14.  The work that Class Counsel have performed both in litigating and settling this

case demonstrates their commitment to the class and to representing the class's interests.

## V. Notice

15. The Court approves the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Notice"), attached to the Swartz Decl. as Exhibit X, and directs its distribution.

16. The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

17. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), the notice must be:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B).

18. The Notice satisfies each of these requirements and adequately puts Rule 23 Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Willix*, 2010 WL 5509089, at *3; *Khait*, 2010 WL 2025106, at *5. The Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Willix*, 2010 WL 5509089, at *3.

## VI. Class Action Settlement Procedure

19. The Court hereby adopts the following settlement approval process:

A. Within 14 days of the Court's grant of preliminary approval, the claims administrator will mail the Notice to class members. Swartz Decl. Ex. A (Settlement Agreement) ¶ 2.5(B). Class members will have 30 days after the date the Notice is mailed to opt out of or object to the settlement ("Notice Period"). *Id.* ¶¶ 2.6(A), 2.7(A).

B. **<u>A final fairness hearing will be held on November 13, 2012 at 2:15 pm in Courtroom 8D South</u>**.

C. Plaintiffs will file a Motion for Final Settlement Approval no later than 10 days before the fairness hearing. *Id.* ¶ 2.8.

D. After the fairness hearing, if the Court grants Plaintiffs' Motion for Final Settlement Approval, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the later of (1) thirty-one days following the Court's Order Granting Final Approval of the settlement if no appeal is taken of the final approval order, or (2) the Court's entry of a final order and judgment after resolving any appeals. *Id.* ¶ 1.9.

E. If an individual or party appeals the Court's Final Order and Judgment, the "Effective Date" of Settlement shall be the day after all appeals are finally resolved in favor of final approval and the time for any further appeal, rehearing, or reconsideration has expired. *Id.*

F. The Settlement Claims Administrator will disburse settlement checks to class members, Court-approved attorneys' fees and costs, and Court-approved service awards within five business days after they receive the checks for Overtime Payment from the Defendant. *Id.* ¶ 3.4 (B).

The parties shall abide by all terms of the Settlement Agreement.

SO ORDERED on this __21st__ day of __August__, 2012

s/ BMC

The Honorable Judge Brian M. Cogan
United States District Judge